UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>WWW.AXOLOTLSQUISHMALLOW.COM,<br>WWW.BIGFOOTSQUISHMALLOW.COM,<br>WWW.COWSQUISHMALLOW.COM,<br>WWW.HALLOWEENSQUISHMALLOWS.SHOP,<br>WWW.MUSHROOMSQUISHMALLOW.COM and<br>WWW.OFFICIALSQUISHMALLOWS.COM,<br><br>*Defendants* | **23-cv-1382 (AKH)** |

1

## STIPULATED CONSENT JUDGMENT AS BETWEEN PLAINTIFF KELLY TOYS HOLDINGS, LLC AND DEFENDANT HARBIN ZHUHAI GONGCHUANG TECHNOLOGY CO., LTD. DBA WWW.BIGFOOTSQUISHMALLOW.COM

Plaintiff KELLY TOYS HOLDINGS, LLC ("Plaintiff") and Defendant HARBIN ZHUHAI GONGCHUANG TECHNOLOGY CO., LTD dba www.bigfootsquishmallow.com ("Defendant" or "HARBIN") hereby enter into this Stipulated Consent Judgment (this "Consent Judgment"), having agreed as follows:

WHEREAS, on or about February 17, 2023, Plaintiff filed this action as against, among others, Defendant in the United States District Court for the Southern District of New York, Civil Case No. 23-cv-1382 (AKH), styled *Kelly Toys Holdings LLC v. www.axolotlsquishmallow.com, et al.* ("Lawsuit"), alleging that, among other claims, HARBIN has engaged in the importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of products that are alleged to incorporate and infringe upon the Squishmallows Marks and Squishmallows Works (as defined hereinafter) via www.bigfootsquishmallow.com;

WHEREAS, HARBIN denies the allegations in the Lawsuit and denies that it has engaged in any wrongdoing whatsoever; and

WHEREAS, Plaintiff and HARBIN have agreed to the following injunctive relief, and HARBIN having agreed to the below terms or such other terms as the Court may So Order:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the parties to this Consent Judgment and has jurisdiction over the subject matter hereof.

2. Plaintiff is the owner of the Squishmallows Registrations (i.e., U.S. Trademark Registration Nos. 6,457,232 for "SQUISHMALLOWS" for goods in Class 28; 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in

Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; 2,029,047 for "KELLYTOY" for goods in Class 28; and 6,654,108 for "SQUISHMALLOWS HUG MEES" for goods in Class 28). Plaintiff also applied for the registration of the Squishmallows Application (i.e., "ORIGINAL SQUISHMALLOWS," which is covered by U.S. Trademark Serial Application No. 90/676,140 for goods in Class 28). The Squishmallows Registrations and Squishmallows Application are hereinafter collectively referred to as "Squishmallows Marks".

3. Plaintiff is also the owner of the U.S. Copyright Registrations listed in Exhibit C to the Complaint (Dkt. 6) (hereinafter referred to as "Squishmallows Works"), which are incorporated by reference herein.

4. Defendant, having hereby recognized the validity and enforceability of the Squishmallows Marks and Squishmallows Works, shall not challenge or contest, directly or indirectly, the validity, ownership or registrations of the same.

5. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, and (where applicable), its officers, agents, servants, employees and attorneys, and those persons in active concert and participation with them who receive actual notice of the Consent Judgment by personal service or otherwise, shall be permanently enjoined and restrained from:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products (as defined in the Complaint (Dkt. 6)) or any other products bearing the Squishmallows Marks and/or Squishmallows Works (collectively "Squishmallows Products"), and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Squishmallows Marks and/or Squishmallows Works;

    ii. directly or indirectly infringing in any manner Plaintiff's Squishmallows

3

Marks and/or Squishmallows Works;

   iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and/or Squishmallows Works, to identify any goods or services not authorized by Plaintiff;

   iv.  using Plaintiff's Squishmallows Marks and/or Squishmallows Works and/or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works on or in connection with the website www.bigfootsquishmallow.com and/or any other website, e-commerce platform and/or brick and mortar store and/or Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit Products;

   v.  using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant, website owned or operated by Defendant, services provided by Defendant and/or Defendant's commercial activities by Plaintiff;

   vi.  linking, transferring, selling, and/or operating the www.bigfootsquishmallow.com website and/or any other website(s) offering for sale and/or selling Counterfeit Products and/or using one or more of Plaintiff's Squishmallows Marks in the domain name(s); and

   vii.  registering, trafficking in or using any domain names that incorporate any

4

of Plaintiff's Squishmallows Marks and/or Squishmallows Works or any other marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works, or any colorable imitation thereof, including, but not limited to, the www.bigfootsquishmallow.com website.

6. Plaintiff reserves the right to pursue damages, costs and attorneys' fees for Plaintiff's claims in the Complaint.

**APPROVED AS TO FORM AND AGREED TO:**

**EPSTEIN DRANGEL LLP**

/s/ Danielle S. Futterman
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*

**BUCHALTER**
**A Professional Corporation**

/s/ Daniel M. Rygorsky
Daniel M. Rygorsky (DR7969)
drygorsky@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017
Telephone No.: (213) 891-0700
Facsimile No.: (213) 896-0400

Attorneys for Defendant
Harbin Zhuhai Gongchuang Technology Co., Ltd
dba www.bigfootsquishmallow.com

**SO ORDERED.**

SIGNED this 18 day of Sept, 2023, at 4 p.m.
New York, New York

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE